UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WAPATO HERITAGE, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA UNITED STATES DEPARTMENT OF THE INTERIOR; and UNITED STATES BUREAU OF INDIAN AFFAIRS,<br><br>    Defendants. | NO. CV-08-177-RHW<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

Before the Court are Plaintiff's Response to Order to Show Cause (Ct. Rec. 33) and Motion for Reconsideration (Ct. Rec. 34). Plaintiff's motion was heard without oral argument on April 3, 2009.

*Order to Show Cause*

Based on comments by Plaintiff's counsel at a previous summary judgment hearing in this matter, the Court issued an order to show cause why Plaintiff's remaining claims should not be dismissed and the case closed (Ct. Rec. 31). Plaintiff's response provides good cause for the Court to find that Plaintiff's remaining claims are independent of the claim upon which the Court granted summary judgment, and thus should be allowed to proceed. Therefore, the Court vacates its order to show cause and directs the parties to submit a proposed briefing and hearing schedule for the remaining claims.

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** * 1

*Motion for Reconsideration*

Plaintiff asks the Court to modify or withdraw its order granting in part Defendants' Cross Motion for Summary Judgment (Ct. Rec. 30), arguing that new evidence establishes that the Court's order was clearly erroneous. Plaintiff restates a number of arguments advanced in its original motion for summary judgment, but also argues that new evidence establishes that "Exhibit A was omitted from and not attached to the Master Lease as it was signed or recorded, as assumed by all parties, and the Court, at the November 17, 2009 [sic] hearing" (Ct. Rec. 38, p. 12, lns. 15-18).

Plaintiff's filings admit to some confusion as to the appropriate standard of review here. Plaintiff's initial memorandum in support of reconsideration argues that the standard of review is that provided by Fed. R. Civ. Pro. 60(b): "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation omitted). However, Plaintiff's reply asks the Court to construe the motion under Fed. R. Civ. Pro. 54(b), appropriate where a court reviews an order that adjudicates fewer than all the claims involved. *See Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 465 (9th Cir. 1989). It appears that the Ninth Circuit has not articulated a standard that applies under Rule 54(b), but some cases suggest that the standard is less stringent than that set forth in Rule 60(b). *See Cobell v. Norton*, 355 F.Supp.2d 531, 539 (D.D.C. 2005) (collecting cases). Regardless, Plaintiff acknowledges that reconsideration is an "extraordinary remedy," and the case law is unanimous that reconsideration should be granted only in unusual cases.

Plaintiff argues that, "It is now established, and undisputed, that "Exhibit A" to the Master Lease ***did not exist*** and ***does not exist***" (Plaintiff's Reply, Ct. Rec.

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION \* 2**

56, citing Defendants' Response, Ct. Rec. 53) (emphasis in original). That argument misstates the record; Defendant concedes only that Exhibit A cannot now be located, not that Exhibit A was never attached to the original Master Lease. In any event, Plaintiff's recent discovery that Exhibit A cannot now be located does not constitute "newly discovered evidence." *See Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) ("Evidence in the possession of the party before the judgment was rendered is not newly discovered") (internal quotation omitted). By Plaintiff's own account, the document that Plaintiff as a moving party presented to the Court as Exhibit A to the Master Lease came from Plaintiff's own files. *See* Declaration of Jeffery D. Webb, Ct. Rec. 35). This inconsistency in the record is solely due to Plaintiff's own admitted "error." *Id.*

Moreover, the law and the Master Lease itself remain clear that the Bureau of Indian Affairs is not the lessor nor even a party to leases of this kind. *McNabb v. United States*, 54 Fed. Cl. 759, 769 (Fed. Cl. 2002). Plaintiff's renewed argument that "BIA was the sole Lessor under the Master Lease" (Ct. Rec. 38, p. 14, lns. 21-22) is inconsistent with the unambiguous language of the lease and the law guiding the Court's interpretation of that instrument. Therefore, the Court finds no error in its previous finding that Plaintiff failed to actually or substantially comply with the Master Lease's notice provisions (Ct. Rec. 30). Plaintiff's motion for reconsideration must be denied.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Court's Order to Show Cause (Ct. Rec. 33) is **VACATED.**

2. Pursuant to Local Rule 26.1, the parties are directed to meet and confer regarding an appropriate timeline for resolving Plaintiff's remaining claims. No later than May **1, 2009**, the parties shall file a stipulation setting forth proposed briefing deadlines and hearing dates.

3. Plaintiff's Motion for Reconsideration (Ct. Rec. 34) is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** * 3

Order and forward copies to counsel.

**DATED** this 20th day of April, 2009.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2008\Wapato Heritage\deny.reconsider.ord.wpd

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** * 4