UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

WAPATO HERITAGE, LLC,

    Plaintiff,

    v.

UNITED STATES OF AMERICA
UNITED STATES DEPARTMENT
OF THE INTERIOR; and UNITED
STATES BUREAU OF INDIAN
AFFAIRS,

    Defendants.

NO.  CV-08-177-RHW

ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS AND
ALTERNATIVELY MOTION
FOR SUMMARY JUDGMENT

Before the Court is Defendants' Motion to Dismiss and Alternatively
Motion for Summary Judgment (Ct. Rec. 68). This motion was heard without oral
argument.

The Court previously granted Defendants' partial motion for summary
judgment, finding that Plaintiff had not validly renewed a Master Lease for a parcel
of trust land named Moses Allotment No. 8, also known as Indian Allotment 151-
MA-8 ("MA-8") (Ct. Rec. 30).[1] The order granted judgment in Defendants' favor
on Plaintiff's third cause of action. Both parties now agree that the order also
disposed of Plaintiff's second and fourth, and part of its first, causes of action.
Defendants now seek dismissal of Plaintiff's fifth and sixth causes of action and,

---

[1] The Court also denied Plaintiff's Motion to Reconsider that order (Ct. Rec.
58).

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND
ALTERNATIVELY MOTION FOR SUMMARY JUDGMENT \* 1**

1  alternatively, summary judgment on Plaintiff's fifth cause of action.

2  **I. Facts**

3  The Court incorporates by reference herein the facts set forth in its prior

4  summary judgment order (Ct. Rec. 30). In addition, the following facts are

5  undisputed unless otherwise noted.

6  On May 19, 2006, Plaintiff submitted to Defendant a proposed

7  "Replacement Lease" for MA-8, which would run for a term of 99 years and allow

8  housing development on part of MA-8. In order to secure approval of the

9  Replacement Lease, Plaintiff needed to obtain the consent of a majority of the

10  beneficial owners of MA-8. To that end, Plaintiff and the BIA scheduled a number

11  of meetings in the summer of 2006 with Indian landowners to provide information

12  about the Replacement Lease. During the summer of 2006, Plaintiff asserted that a

13  majority of beneficial owners had consented to the Replacement Lease, and

14  included its own approximately 24% ownership interest in calculating that

15  majority. Plaintiff's interest is a life estate, with the remainder reverting to the

16  Colville Confederated Tribes ("Tribe").

17  The parties then exchanged correspondence through September 2006

18  regarding the propriety of including Plaintiff's life estate interest, with the BIA

19  taking the position that Plaintiff, as a life tenant, "has no power to grant an interest

20  in property greater than the interest he himself holds" (Ct. Rec. 70, Defendants'

21  Statement of Facts, Attach. A, Ex. 3). Plaintiff disagreed with this legal position,

22  but asserted that the issue would soon be moot because Plaintiff would obtain the

23  Tribe's consent to the Replacement Lease (*Id.*, Ex. 4). Plaintiff has not secured the

24  Tribe's approval to date.

25  In December 2006, the parties began discussing the need for an

26  Environmental Assessment/Environmental Impact Statement ("EA/EIS"), as

27  required by the National Environmental Policy Act ("NEPA"). Plaintiff hired a

28  contractor to work through the NEPA process, which continued through 2007.  In

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND
ALTERNATIVELY MOTION FOR SUMMARY JUDGMENT * 2**

August 2007, the BIA distributed the contractor's draft EA on the proposed project for public and agency review. In December 2007, after reviewing the EA and the comments thereto, Defendants disagreed with the contractor's conclusion that the project would have no significant impact, and determined that a full EIS would be required.

Also in December 2007, the parties began exchanging correspondence regarding the renewal of the existing Master Lease, as discussed in the Court's prior summary judgment order. With the parties unable to reach an agreement, this litigation commenced in June 2008.

## II.  Standard of Review

In reviewing a motion for judgment on the pleadings under Fed. R. Civ. Pro. 12(c), the Court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Id.*

Summary judgment shall be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is (1) no genuine issue as to (2) any material fact and that (3) the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

This is a judicial review of agency action under the Administrative Procedures Act, 5 U.S.C. § 706(1), which allows the Court to "compel agency action unlawfully withheld or unreasonably delayed." Such a claim "can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) ("*SUWA*") (emphasis in original). To determine whether an agency unreasonably delayed action, the Court balances the so-called "TRAC" factors:

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND ALTERNATIVELY MOTION FOR SUMMARY JUDGMENT** * 3

(1) the time agencies take to make decisions must be governed by a "rule of reason"[;] (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason [;] (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake [;] (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority[;] (5) the court should also take into account the nature and extent of the interests prejudiced by the delay[;] and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed."

*Brower v. Evans*, 257 F.3d 1058, 1068 (9th Cir. 2001) (citing *FCC (TRAC)*, 750 F.2d 70, 80 (D.C. Cir. 1984).

### III.  Analysis

*A. Defendant's Motion to Dismiss*

**1. Exhaustion of Remedies**

Defendant first argues that the Court should dismiss all remaining causes of action because Plaintiff failed to exhaust its administrative remedies, which is generally a jurisdictional prerequisite for judicial review under the APA. *San Carlos Apache Tribe v. United States*, 417 F.3d 1091, 1096 (9th Cir. 2005). Defendant cites an administrative process for review set forth in BIA regulations, 25 C.F.R. §§ 2.6–2.9, and argues that Plaintiff has not alleged it has sought relief under these provisions. The Ninth Circuit has held that the administrative remedies set forth in 25 C.F.R. part 2 must be exhausted prior to seeking judicial review. *Faras v. Hodel*, 845 F.2d 202, 204 (9th Cir. 1988).

Plaintiff concedes that exhaustion is generally required and that Plaintiff did not do so in this case, but argues that exhaustion would be futile, citing *Acevedo-Carranza v. Ashcroft*, 371 F.3d 539, 541-42 (9th Cir. 2004). Exhaustion may not be required in "exceptional circumstances," such as when "objective and undisputed evidence of administrative bias would render pursuit of an administrative remedy futile." *Anderson v. Babbitt*, 230 F.3d 1158, 1164 (9th Cir. 2000) (internal citations and quotation omitted). Plaintiff presents no direct

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND ALTERNATIVELY MOTION FOR SUMMARY JUDGMENT * 4**

1  evidence of administrative bias, but essentially argues that bias can be inferred

2  from Defendant's "delaying tactics" with respect the renewal of the Master Lease.

3       The Court has held and again holds that Defendants were correct to conclude

4  that the Master Lease had not been properly renewed. Plaintiff points out that

5  Defendants' investigation of the renewal was prompted by a letter from the Tribe

6  in October 2007, but the record contains no indication that this investigation was

7  tainted by any bias against Plaintiff and in favor of the Tribe. Moreover, Plaintiff

8  provides no evidence to suggest that any bias tainted Defendants' review of the

9  proposed Replacement Lease, which had been neither accepted nor rejected by the

10 time this litigation commenced. These circumstances do not present the kind of

11 "objective and undisputed evidence of administrative bias" that would excuse

12 Plaintiff's failure to exhaust its administrative remedies.

13      Therefore, the Court finds that dismissal of Plaintiff's fifth and sixth causes

14 of action is appropriate on this basis.

15 **2. Existence of a Fiduciary Duty to Plaintiff**

16      Defendants next argue that the Court should dismiss Plaintiff's sixth cause

17 of action, which alleges that Defendants breached a fiduciary duty to Defendants,

18 because no such duty exists. Defendants acknowledge that they generally owe a

19 fiduciary duty to Indians and Indian tribes (citing Cohen's Handbook of Federal

20 Indian Law § 5.04[4] (2005) and *United States v. Mitchell*, 463 U.S. 206 (1983)),

21 but argue that this duty does not extend to Plaintiff, a Washington State limited

22 liability company.

23      Plaintiff concedes that in disputes involving Indians and non-Indians, "the

24 loyalty of the government/trustee must be solely on the side of the Indian" (Ct.

25 Rec. 80, p. 10). However, Plaintiff argues that because the proposed Replacement

26 Lease benefitted individual Indian landowners, the Tribe's opposition to the

27 Replacement Lease created an "inexorable conflict of interest" for Defendants.

28 Plaintiff argues that because it stands with the individual Indian landowners and

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND
ALTERNATIVELY MOTION FOR SUMMARY JUDGMENT * 5**

1  against the Tribe in this dispute, Defendants' fiduciary duty to the individual

2  Indian landowners must extend to Plaintiff itself. Plaintiff cites no cases in which a

3  court has extended a fiduciary duty to a non-Indian under such circumstances, but

4  instead relies on the common law of partnership.

5        Plaintiff's argument finds no support in the law, which is clear that

6  Defendants owe a fiduciary duty only to Indians and Indian tribes. Plaintiff is

7  simply in no position to enforce the Indian landowners' rights as beneficiaries of

8  that trust. Accordingly, dismissal of Plaintiff's sixth cause of action is appropriate

9  on this basis as well.

10  *B. Defendant's Motion for Summary Judgment*

11        Alternatively, Defendant argues that the undisputed facts establish that

12  Defendant has not unlawfully withheld or unreasonably delayed action on

13  Plaintiff's proposed Replacement Lease. Defendants first argue that Plaintiff has

14  failed to identify any "discrete agency action that [Defendants are] required to

15  take," *SUWA*, 542 U.S. at 64, or any duty to review the Replacement Lease within

16  any specific time period. Second, Defendants argue that its review of the proposed

17  lease over a nineteen-month period does not constitute unreasonable delay under

18  the *TRAC* factors set forth above.

19        Plaintiff argues that Defendants' actions in this case are "reminiscent of the

20  arguments made by the BIA in the long series of the *Cobell* cases, e.g. *Cobell v.*

21  *Kempthorne*, 455 F.3d 317 (D.C. Cir. 2006), and cases cited therein" (Ct. Rec. 80,

22  p. 15). The *Cobell* cases involved a series of lengthy trials and  appeals in which

23  the courts found Department of Interior officials derelict in their duties to provide

24  an accurate accounting of Indian trust benefits. Plaintiff does not elaborate on this

25  analogy, nor does it challenge as improper any of the specific actions Defendants

26  took in their review of the Replacement Lease. Rather, Plaintiff devotes the bulk of

27  its argument to the merits of the proposed Replacement Lease, essentially asking

28  the Court to find that the lease would have benefitted the individual Indian

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND
ALTERNATIVELY MOTION FOR SUMMARY JUDGMENT * 6**

1  landowners and should have been approved.

2      Over the approximately two year period between Plaintiff's submission of

3  the proposed lease and the commencement of this litigation, Defendants identified

4  two major issues that prohibited or at least delayed their approval of the lease: first,

5  the issue of majority consent; and second, compliance with NEPA. Plaintiff argues

6  that Defendants' rejection of Plaintiffs' EA and requirement of a full EIS was a

7  pretext, but provides no support for this argument beyond mere speculation.

8  Moreover, Plaintiff does not argue that Defendants' position on the issue of

9  majority consent was arbitrary, capricious, or otherwise an invalid reason for

10 declining to approve the Replacement Lease. Applying the *TRAC* factors to these

11 facts, the Court finds no unreasonable delay in Defendants' two-year review of a

12 major lease that would bind the beneficial owners of MA-8 for a period of 99

13 years. Accordingly, Defendants are entitled to summary judgment on Plaintiff's

14 fifth cause of action.

15                     **IV. Conclusion**

16      The Court finds that Plaintiff failed to exhaust its administrative remedies

17 with respect to Defendants' review of the Replacement Lease, and has not shown

18 that exhaustion would be futile. The Court also finds that Defendants owe no

19 fiduciary duty to Plaintiff. For both of these reasons, dismissal of Plaintiff's fifth

20 and sixth causes of action is appropriate. Finally, the Court finds that the

21 undisputed facts show no unreasonable delay in Defendants' decision not to

22 approve Plaintiff's proposed Replacement Lease.

23      Accordingly, **IT IS HEREBY ORDERED**:

24      1.  Defendants' Motion to Dismiss and Alternatively Motion for Summary

25 Judgment (Ct. Rec. 68) is **GRANTED.**

26      2.  All of Plaintiff's remaining causes of action are **DISMISSED**.

27 ///

28 ///

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND
ALTERNATIVELY MOTION FOR SUMMARY JUDGMENT * 7**

1     3. The District Court Executive is directed to enter judgment in favor of

2  Defendants.

3     **IT IS SO ORDERED.** The District Court Executive is directed to enter this

4  Order, forward copies to counsel, and **close the file.**

5     **DATED** this 6th day of November, 2009.

6

7

8                    *s/Robert H. Whaley*
                      ROBERT H. WHALEY

9                   United States District Judge

10

11

12  Q:\CIVIL\2008\Wapato Heritage\grant.SJ2.ord.wpd

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND
ALTERNATIVELY MOTION FOR SUMMARY JUDGMENT * 8**